cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 467379

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SHELTON, ) | Case No. CV 11-08082 DDP (JCGx) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO STAY** |
| v. ) | |
| ) | |
| DEPUY ORTHOPAEDICS, INC., an ) Indiana corporation; JOHNSON ) & JOHNSON SERVICES, INC., a ) New Jersey corporation; ) THOMAS P. SCHMALZRIED, M.D., ) ) | [Docket Nos. 9 & 11] |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on (1) Defendants' Motion to Stay All Proceedings ("Motion to Stay"), pending transfer by the Judicial Panel on Multidistrict Litigation to MDL 2244, and (2) Plaintiff's Motion to Remand, due to a lack of diversity jurisdiction. Having reviewed the papers submitted by the parties, the Court GRANTS the Motion to Remand, DENIES as moot the Motion to Stay, and adopts the following Order.

**I. BACKGROUND**

Plaintiff Catherine Shelton filed suit in Los Angeles County Superior Court on August 12, 2011, alleging that she suffered

various injuries as a result of a hip replacement with a DePuy Pinnacle Hip Replacement System ("Pinnacle Hip") designed, manufactured, promoted, and sold by Defendants. (Compl. ¶¶ 2-7, 33-39.) Plaintiff is a California citizen who resides in Riverside County. (Id. ¶ 1.) Defendants Depuy Orthopaedics, Inc. ("DePuy") and Johnson & Johnson Services, Inc. (collectively, "Defendants") are citizens of Indiana and New Jersey, respectively, for purposes of diversity jurisdiction. (Notice of Removal ¶¶ 7-8.) Defendant Thomas P. Schmalzried, M.D. ("Dr. Schmalzried") is a California corporation with its principle place of business in Los Angeles. (Compl. ¶ 6.) On September 29, 2011, Defendants removed Plaintiff's suit to federal court, arguing that Plaintiff fraudulently joined Dr. Schmalzried in order to defeat removal, and that his citizenship should therefore be disregarded for purposes of diversity jurisdiction. (Notice of Removal ¶¶ 12-29.)

 On May 23, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2244, <u>In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.</u> Defendants identified this action as a potential "tag-along" to MDL 2244, and the JPML issued a Conditional Transfer Order on October 11, 2011. (Mot. to Stay, Ex. 1.) Plaintiff filed a Notice of Opposition to the Conditional Transfer Order on October 18, 2011. (Pl.'s Opp'n to Mot. to Stay at 2.)

 On October 12, 2011, Defendants filed their Motion to Stay All Proceedings, pending transfer of this action to MDL 2244. (Docket No. 9.) On October 20, 2011, Plaintiff filed her Motion to Remand, arguing that the court lacks diversity jurisdiction because Dr.

2

Schmalzried is a properly joined defendant and California corporation.[1]  (Docket No. 11.)

## II.  DISCUSSION

The Supreme Court has recognized that "in most instances subject-matter jurisdiction will involve no arduous inquiry," and that "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999).  However, a district court also has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).

District courts have therefore divided in cases like this one, "sometimes granting motions to remand and sometimes deferring consideration of such motions to the JPML by granting stays." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1047-48 (E.D. Wis. 2001) (comparing cases).  Some district courts within the Ninth Circuit follow the test set forth in Meyers, which indicates that a court should consider a motion to stay prior to a motion to remand "only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred [to an MDL venue]." Id. at 1049.

---

[1] Plaintiff also argues that Defendants' removal was procedurally improper, because Dr. Schmalzried did not join in Defendants' Notice of Removal.  (Mot. to Remand at 6.)  The court disagrees.  In a notice of removal, defendants must either: 1) allege that all co-defendants consent to removal; or 2) "explain affirmatively [their] absence." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).  Here, Defendants did the latter, by expressly contending that Dr. Schmalzried was fraudulently joined.

3

Here, the court finds it clear that Plaintiff properly joined Dr. Schmalzried and that the court therefore lacks jurisdiction. Moreover, the California state courts appear to be moving forward with their own coordinated litigation regarding the Pinnacle Hip. See Depuy Pinnacle Hip Sys. Cases, Jud. Council Coordination Proc. No. 4662 (Cal. Super. Ct. June 10, 2011) (order re coordination petition). Accordingly, the court finds it appropriate to address the Motion to Remand prior to the Motion to Stay.[2]

### A.  Legal Standard

A defendant who seeks to remove a case from state to federal court has the burden of establishing federal subject matter jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Furthermore, courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is governed by substantive and procedural requirements. Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed to federal court if the civil action is one "of which the district courts of the United States have original jurisdiction."

Section 1332 provides that district courts have original jurisdiction "of all civil actions where the matter in controversy

---

[2] The court recognizes that three other district courts addressing this litigation and similar motions have decided to go in reverse order, staying their cases instead of remanding them to state court. See Freisthler v. DePuy Orthopaedics, Inc., No. CV 11-6580, 2011 WL 4469532 (C.D. Cal. Sept. 21, 2011); Nichols v. DePuy Orthopaedics, Inc., No. C 11-04748, 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011); Earl v. DePuy Orthopaedics, Inc., No. CV 11-07831 (C.D. Cal. Nov. 15, 2011). None of the courts, however, addressed the parallel state litigation. Further, the decision whether to stay or remand is in the discretion of each court, and turns on the specifics of each case as set forth by the parties.

4

exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "[T]here is a general presumption against fraudulent joinder," Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007), but fraudulent joinder will be found "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." Ritchey, 139 F.3d at 1318.

The party asserting fraudulent joinder bears the burden of proof, United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002), and remand must be granted unless the defendant establishes that there is no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant. See Levine v. Allmerica Fin. Life Ins. & Annuity Co., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); Lighting Sci. Group Corp. v. Koninklijke Philips Elecs. N.V., 624 F. Supp. 2d 1174, 1179 (E.D. Cal. 2008) ("The claim of fraudulent joinder must be supported by clear and convincing evidence, with all ambiguities resolved in favor of the non-removing party.").

5

**B.   Analysis**

Defendants assert that diversity jurisdiction exists because Plaintiff fraudulently joined Dr. Schmalzried, the only non-diverse defendant named in the Complaint. Defendants argue that there is no possibility Plaintiff can prevail on any of her claims against Dr. Schmalzried under California law. The court disagrees.

Plaintiff alleges multiple causes of action against Dr. Schmalzried, including strict products liability, negligence, breach of warranties, and fraud. Resolving all factual and legal ambiguities in Plaintiff's favor, the court finds that Plaintiff might prevail against Dr. Schmalzried on her strict products liability claim. Because a single viable cause of action defeats fraudulent joinder, the court starts and stops here, avoiding any unnecessary interpretation of the other state laws.

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce." Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724 (1972)). "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very practical approach, focusing on the actual connection between the defendant's activities and the defective product." Bay Summit, 51 Cal. App. 4th at 774.

Specifically, California courts have held a defendant involved in the marketing/distribution process "strictly liable if three factors are present: (1) the defendant received a direct financial

6

benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process." Id. at 776.

    Here, there is no dispute as to the first factor. Dr. Schmalzried allegedly received millions of dollars in royalty income for his role in helping design and market the Pinnacle Hip. (Compl. ¶¶ 7, 27; Decl. of Kristy M. Arevalo in Supp. of Mot. to Remand ("Decl.") Ex. A.[3]) It is also plausible that Dr. Schmalzried played an essential role in bringing the Pinnacle Hip to the initial consumer market. The parties agree that Dr. Schmalzried helped design the product. (See Compl. ¶¶ 7, 27; Decl. Ex. A; Defs.' Opp'n to Mot. to Remand ("Opp'n") at 1.) Plaintiff further alleges that Defendants, collectively, aggressively marketed and promoted the Pinnacle Hip, inducing physicians to purchase and use the product. (Compl. ¶¶ 20, 30, 88.) DePuy credits Dr. Schmalzried, in particular, as one of the product's physician-designers, on alleged marketing and surgical-guideline brochures. (See Decl. Ex. B at 33, Ex. C at 2-3). Dr. Schmalzried also contributed what Defendants call an "educational summary" to another marketing brochure, and a quote from his summary is displayed prominently on the brochure's first page. (See id. Ex. D at 3-9; Opp'n at 15.)

---

    [3] Courts may look beyond the pleadings and examine the factual record in order to determine whether a non-diverse defendant has been fraudulently joined. See McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

7

    Finally, taking these allegations as a whole and resolving all ambiguities in Plaintiff's favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip. Again, Dr. Schmalzried allegedly played an important role in the design and promotion of the product, as evidenced by his significant involvement in promotional materials and substantial royalty payments. According to Plaintiff, DePuy also describes Dr. Schmalzried as a "Surgeon Consultant" on its website, and provides a detailed summary of his impressive credentials and prestige in the medical community. (See Decl. Ex. A.) Thus, it is possible that Dr. Schmalzried had enough influence with Defendants and the medical community to meaningfully impact the ultimate manufacture or distribution of the Pinnacle Hip.[4]

    In sum, because Plaintiff might meet these three elements for strict products liability, Plaintiff alleges a plausible claim for relief against Dr. Schmalzried under settled California law. Accordingly, Dr. Schmalzried was not fraudulently joined, the court lacks diversity jurisdiction, and the court must remand this case to state court.[5]

---

[4] Defendants' reasonable attempts to distinguish the facts here from those in Bay Summit and other cases finding strict products liability do not change the joinder analysis. (See Opp'n at 9-12.) It is not obvious that any of the alleged distinctions preclude recovery under settled California law. Dr. Schmalzried's declaration is also immaterial. Because he does not deny any of the specific facts set forth above, his denial as to the final products-liability factor is conclusory. Dr. Schmalzried's declaration is also of questionable value at this stage, given his obvious self-interest in denying liability. (See id. Ex. 1.)

[5] The fact that non-California plaintiffs have also joined Dr. Schmalzried in Pinnacle Hip litigation, where there is no discernible jurisdictional impact, provides some corroboration of the court's finding that he was not fraudulently joined here. See, e.g., Brewster v. Johnson & Johnson Servs., Inc., No. 1:11-dp-20324-DAK (N.D. Ohio 2011) (Virginia plaintiffs); Alexander v. DePuy Orthopaedics, Inc., No. 5:11-cv-00545-SMH-MLH (W.D. La. 2011) (Louisiana plaintiffs); L'Allier v. DePuy Orthopaedics, Inc., No. (continued...)

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and DENIES as moot Defendants' motion to stay.

IT IS SO ORDERED.

Dated: December 1, 2011

DEAN D. PREGERSON
United States District Judge

---

[5](...continued)
0:11-cv-01446-PAM-JJG (D. Minn. 2011) (Minnesota plaintiffs).